THEODORE F. WILSON AND CORAMABEL S. WILSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16298. Promulgated September 28, 1949.

*Thomas J. McManus, Esq.,* and *A. G. Wallerstedt, C. P. A.,* for the petitioners.

*Albert J. O'Connor, Esq.,* for the respondent.

412

414

## OPINION.

BLACK, *Judge*: There is only one question for us to decide, which is the composition of the partnership Hanlon & Wilson Co. during the period from January 30, 1943, to July 5, 1945. Although deficiencies have been determined for the taxable years 1943 and 1944 only, the taxable year 1945 is also in controversy because the partnership suffered a net operating loss in 1945, which reduced the partnership's distributable income for 1943 under the carry-back provision of the Internal Revenue Code.

Respondent contends that for tax purposes A. G. Wilson was not a partner of Hanlon & Wilson Co. during the period in controversy and therefore one-half of the profits and losses for this period is taxable to petitioners. Respondent argues that after the agreement of January 30, 1943, under which A. G. Wilson was to withdraw his capital investment, he was no longer a partner because he did not contribute to the control or management of the business, or otherwise perform vital services for Hanlon & Wilson; that any allocation of profits to A. G. Wilson during the period from January 30, 1943, to July 5, 1945, was only a paper reallocation of the income attributable to Theodore and Richard, who were the only bona fide partners of Hanlon & Wilson Co.

We can not agree with respondent, for we have found from a consideration of all the evidence that during the period in controversy Hanlon & Wilson Co. was a bona fide partnership, consisting of Theodore, Richard, and A. G. Wilson.

Hanlon & Wilson was organized as a partnership on July 1, 1942, and consisted of Theodore, Richard, and A. G. Wilson. A. G. Wilson shared in the management and control of the business, rendered other vital services, and shared in the profits and losses. A. G. Wilson did not cease to be a partner after January 30, 1943, when the agreement permitting the withdrawal of his capital interest was signed, nor was it intended by the parties that he should cease to be a member.

In our findings of fact set out above we found that during the period in controversy A. G. Wilson was a part of the management of Hanlon & Wilson and rendered vital services to the business during the period. A. G. Wilson was treated as a partner and actually participated in the affairs of the partnership. A. G. Wilson, though a man of approximately 80 years, was a vital figure in the management of Hanlon & Wilson. He had founded the business in 1905 and the knowledge he had acquired in 38 years was of great value to the partnership. It can hardly be expected that a man of 80 years would perform the routine tasks of management which were delegated to Richard in 1936 and which Theodore performed after Richard's departure for the service. However, A. G. Wilson helped formulate the policies of the business and acted as an advisor to Theodore during this period as he had done to Richard as late as 1941.

In *Commissioner* v. *Culbertson*, 337 U. S. 733, the Court said:

* * * A partnership is, in other words, an organization for the production of income to which each partner contributes one or both of the ingredients of income—capital or services. *Ward* v. *Thompson*, 22 How. 330, 334 (1859). * * *

To be a partner, then, it is not a prerequisite that one contribute capital to the business. We find that A. G. Wilson was a partner of Hanlon & Wilson from January 30, 1943, to July 5, 1945, on the basis of the services as detailed in our findings of fact which he rendered the business during this period, notwithstanding his capital contribution had been withdrawn.

In the Supreme Court's recent decision in *Commissioner* v. *Culbertson*, *supra*, the Court, among other things, said:

* * * The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the *Tower* case, but whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true

intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * *

In reaching our decision that A. G. Wilson during the period here in question was a bona fide partner in the partnership of Hanlon & Wilson, we have given consideration to the several factors named by the Supreme Court in the above language. Having reached the conclusion that A. G. Wilson was a bona fide partner in the business, we reverse the Commissioner's determination that petitioner Theodore F. Wilson is taxable on part of the profits which were received by A. G. Wilson. In a recomputation under Rule 50, Theodore should be taxed on only the share of the profits to which he was entitled under the partnership agreement. We do not understand that the amount of the partnership profits during the periods involved is in issue.

*Decision will be entered under Rule 50.*